Luther *v.* The Master and Owners of Ship Apollo.

---

LUTHER, respondent, *vs.* THE MASTER AND OWNERS OF SHIP APOLLO, appellants.

This court has no jurisdiction of an appeal from the court of First Instance, where the judgment appealed from is for less than the sum of two hundred dollars; and where an appeal was brought from a judgment of $166 80, it was ordered that the appeal should be dismissed with costs.

THE facts are sufficiently stated in the opinion of the court. The cause was argued *ex parte*, by

*Horace Hawes*, for the appellants.

*By the Court*, HASTINGS, Ch. J. This was an action instituted before the court of First Instance for the district of San Francisco, for the recovery of seaman's wages, amounting to the sum of $166

AR 4-C-68

80, and judgment was rendered for the appellee in the sum of $100.

The 4th sec. of the 6th art. of the constitution of this state, provides that, " The supreme court shall have appellate juris- " diction in all cases where the matter in dispute exceeds two " hundred dollars, when the legality of any tax, toll, or impost, " or municipal fine is in question."

The matter in dispute was the recovery of $166 80, and the question is at once suggested whether this court has jurisdic- tion. If it had been intended by the framers of the constitution to give this court jurisdiction in cases in which the amount in controversy was less than $200, pending before the adoption of the constitution, and the enactment of laws repealing the then existing laws, exceptions would have been incorporated into that instrument to that effect. It does not appear that the 1st, 2d, and 3d sections of the schedule will confer jurisdiction in such cases. The 1st sec. provides that, " all laws in force at the " time of the adoption of this constitution, and not inconsistent " therewith, until altered or repealed by the legislature, shall con- " tinue as if the same had not been adopted." It seems to be in- consistent with the provision of the constitution above quoted, to entertain jurisdiction in a case where the amount in dispute is less than $200. The 3d sec. provides, among other things, that the laws relative to the duties of the several offices then exist- ing, shall not be changed until the entering into office of the new officers to be appointed under this constitution. The jus- tices of this court are officers appointed under the constitution, and ought not to exercise any other judicial functions than those conferred upon them by the constitution itself, and the laws of the land consistent therewith. It is therefore but reasonable to infer, that the legislature in the 3d sec. of the act of 28th of Fe- bruary, intended only to transmit to this court all such appeals from the courts of First Instance, in which the amount in contro- versy shall exceed in value the sum of $200. It seems very doubtful whether the court of Second Instance, to which this case was appealed, could entertain jurisdiction if such a court were now in existence. By the 12th art. of sec. 2d, part 2d, *Halleck's*

Luther *v.* The Master and Owners of Ship Apollo.

*Translation and Digest of Mexican Laws*, it is declared, " that in the trial of causes which exceed $100, but do not exceed $200, the judges shall take cognizance by means of a written process according to law, but without appeal, except the laws have been violated which regulate the mode of proceeding." From which we infer that the courts of First Instance, so long as they comply with the ordinary rules of practice, and do not violate the laws regulating practice in their courts, have exclusive jurisdiction in all controversies where the matter in dispute shall not exceed $200, and shall exceed $100 ; and no court can review by appeal their judgments in such cases.

Entertaining these views, we do not think it our duty to encourage appeals into the supreme court of this state, when the amount in controversy is of the character presented by this record.

The appeal, therefore, is ordered to be dismissed at the cost of the appellant.

Lyons, J. concurred.

Bennett, J. (dissenting.) I do not doubt that the court of Second Instance, under the Mexican system of laws, would have had jurisdiction of this appeal. It may be conceded that no appeal would lie, except where the laws had been violated, which regulate the mode of proceeding. But this appeal is brought for the very reason that the laws have been violated which regulate the mode of proceeding. Without entering into a minute examination of the different clauses of the constitution, I will merely say, that taking all the provisions which bear upon the point under consideration together, they confer upon this court appellate jurisdiction over judgments rendered in the court of First Instance, in all cases where the court of Second Instance, under the Mexican system, would have had such jurisdiction. I think that the appeal should be entertained, and dissent from the conclusion to which the majority of the court have arrived.